reviewing court is not permitted, under Section 11364, General Code, to say, when such right has been denied, that substantial justice has been done.

We are unanimously of the opinion that this request correctly stated the law upon the subject contained therein; that it was pertinent to the issues and the evidence adduced; that it was properly and timely asked; that it was not covered by any other request given before argument; that it was improperly refused; and that the defendant took an exception at the time, as required by the statute. This refusal of the trial court constituted prejudicial error, which requires us to reverse the judgment.

*Judgment reversed and cause remanded.*

WASHBURN, P. J., and FUNK, J., concur.

MARR, A TAXPAYER, *v.* SCHUSTER, AUD., ET AL.

(Decided March 5, 1928.)

*Mr. J. B. Connaughton,* for plaintiff.

*Mr. W. C. Shepherd, Messrs. Shotts & Millikin, Mr. Harry J. Koehler, Jr.,* and *Mr. John P. Rogers,* for defendants.

HAMILTON, P. J.   This case is before this court on a motion to dismiss the appeal, on the ground that the cause is not appealable.

To grant the relief sought in this action would require the court to cause a recount of the ballots cast at the November, 1926, election, on the question of the adoption of a charter for the city of Hamilton, Ohio.   The petition does allege the unlawful expenditure of money, and the action is a taxpayer's suit to enjoin the same.   However, this relief depends upon the result of the vote on the question of the adoption of the charter.

There was an attempt to contest the election on the adoption of a charter for the city of Hamilton, Ohio, held November, 1926, in case No. 362, Butler County Court of Appeals, entitled In the Matter of the Appeal of H. R. Bacon.   In that case the court held that there was no provision for such a contest.   The petition was dismissed, and the result of the election stood.

It is apparent from the petition in the case at bar that the result of the election must be overthrown before the plaintiff would be entitled to any relief.

It is also apparent from the petition that the proceeding is an indirect attempt to procure a recount of the votes cast at that election, which this court has already held cannot be had.   See *State, ex rel. Kautzman,* v. *Graves, Secretary of State,* 91 Ohio

'St., 113, 110 N. E., 185; *State, ex rel. Wood,* v. *Russell,* 101 Ohio St., 365, 130 N. E., 19; and *State, ex rel. Meck,* v. *Board of Deputy State Supervisors of Elections,* 111 Ohio St., 203, 145 N. E., 28.

It is not necessary to decide whether or not the case involves a chancery question, presented by the motion to dismiss, since no relief could be had either in law or in equity.

We find, under the allegations of the petition, that this court has no power to grant the relief sought.

*Petition dismissed.*

MILLS and CUSHING, JJ., concur.